# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE PATRICIO RICO RAYA,** | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| **v.** | § | No.  3:26-CV-00826-LS |
| | § | |
| **PAM BONDI, ATTORNEY GENERAL;** | § | |
| **KRISTI NOEM, SECRETARY OF THE** | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY; AND MARIA DE ANDA-** | § | |
| **YBARRA, U.S. ICE FIELD OFFICE** | § | |
| **DIRECTOR,** | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Jose Patricio Rico Raya brings this petition for a writ of habeas corpus against Respondents under 28 U.S.C. § 2241, challenging his detention by Immigration and Customs Enforcement ("ICE").[1] Because the Court determines that Petitioner is validly held under 8 U.S.C. § 1226(c), the Court will deny the petition.

Under 8 U.S.C. § 1226(c), an alien "is deportable by reason of having committed any offense covered in" 8 U.S.C. § 1227(a)(2)(B), which covers convictions for violations of "any law or regulation of a State, the United States, or a foreign country relating to a controlled substance." Petitioner was convicted of possession of a controlled substance, making him deportable.[2]

8 U.S.C. § 1226(c) requires that the Attorney General take into custody any alien who falls under the subsection, and the Supreme Court has held that persons who are found deportable and held under § 1226(c) may "be detained for the brief period necessary for their removal

---

[1] ECF No. 1.

[2] ECF No. 3-1 at 1.

proceedings."[3] Like Petitioner in this case, the petitioner in *Demore* was in removal proceedings under 8 U.S.C. § 1226(c) with no final order of removal.[4] Accordingly, the Court held the detention period in *Demore* did not violate any due process right because it had a "definite termination point" and was neither "indefinite" nor "potentially permanent"[5]—the detention period would necessarily terminate when the removal proceedings concluded, either through deportation within the 90-day removal period[6] or release because of the government's failure to secure a removal order. The Supreme Court made explicitly clear in *Demore* that "[d]etention *during removal proceedings* is a constitutionally permissible part of th[e] process."[7] As in *Demore*, Petitioner's detention is neither "indefinite" nor "potentially permanent" because there is a "definite termination point": the conclusion of the removal proceedings and subsequent removal, or alternatively, release for want of a removal order.

Because Petitioner Jose Patricio Rico Raya is not entitled to release, his petition is **DISMISSED WITHOUT PREJUDICE**. The Clerk shall close the case.

**SO ORDERED.**

**SIGNED** and **ENTERED** on May 13, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[3] *Demore v. Kim*, 538 U.S. 510, 513 (2003).
[4] *Id.*
[5] *Id.* at 528–29, 531.
[6] 8 U.S.C. § 1231(a)(1)(A) ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . .").
[7] 538 U.S. at 531 (emphasis added).